## GEORGE W. COOK *vs.* SAMUEL FARRINGTON.

A conveyed to B a lot of land bounded " south on a passage way twenty feet wide," " al*
such rights on the beach lying directly between the passage way and the sea, as were '
conveyed to the grantor by F, by a deed which passed the beach as appurtenant.  B con
veyed to C this lot, describing it as " bounded southeasterly on a passage way," and a*
" entitled to the privilege, mentioned in a deed from F to A, to which reference for further
particulars may be had."  *Held,* that the beach passed under both deeds.

ACTION OF TORT for breaking and entering a close in Lynn, consisting of a beach between high and low water mark and within one hundred rods of the upland.  The entry was admitted, and the parties submitted the case to the decision of the court upon the following facts :

The defendant's title was as follows : On the 12th of April 1847 Joseph Fuller and Daniel Fuller conveyed to Nathan D. Chase and George Foster a tract of land, bounded southeast-wardly on the sea, " with the privilege of a passage way twenty feet wide over land of said grantors eastward to the beach," which adjoined and was appurtenant to the land granted.  On the 17th of April 1847 Chase and Foster conveyed to William Collins part of this land, designated as " lot No. 8," adjoining the beach in question, and bounded " north on lot No. 7 eighty feet ; east on land of Nathaniel Fuller, eighty feet ; south on a passage way, twenty feet wide, forever to be kept open, eighty feet ; with the privilege of crossing Nathaniel Fuller's land on said pas-sage way, as was deeded to us by Joseph and Daniel Fuller April 13th 1847, recorded " with Essex deeds ; " also such rights on the beach lying directly between the eighty feet passage way above mentioned and the sea, as were deeded to us by said Joseph and Daniel Fuller."  On the 1st of September 1848 Collins conveyed by a like description to James Harding, who on the 14th of November 1855 conveyed to Samuel A. Stone, (whose title the defendant had,) lots 7 and 8, describing them as bounded " southeasterly on a passage way eighty feet, and southwesterly on " King Street, and as " subject to the rights and reservations, and entitled to the privileges, mentioned in a

deed from Joseph and Daniel Fuller to N. D. Chase and George Foster, recorded" as aforesaid, "and a deed of lot No. 8 from William Collins to said Harding, recorded" in like manner, "to.which several deeds reference for further particulars may be had."

The plaintiff claimed title under a deed from Chase and Foster to him, dated June 13th 1853, conveying a certain piece of beach, bounded "southwest on King Street, running southeast to the sea; thence southeast on the sea, running northeast eighty feet, to beach formerly owned by Daniel and Joseph Fuller; thence northeast by said beach, running northwest, to a passage way twenty feet wide lying between said beach and land sold by us to William Collins; thence northwest on said passage way, running southwest eighty feet to point first started from on King Street;" "said beach being subject, however, to the travel from King Street and Lewis Street over it, and all the privileges and rights heretofore deeded away."

The deed of Chase and Foster to Collins was not recorded until after this suit was brought, but it is the same one referred to in the deed from them to the plaintiff.

*I. Brown*, for the plaintiff.

*J. A. Gillis*, for the defendant.

By the Court. The deed of Chase and Foster to Collins embraced the whole beach under the second description — "also such rights on the beach lying directly between the eighty feet passage way above mentioned and the sea as were deeded to us by said Joseph and Daniel Fuller." This came by various mesne conveyances to the defendant. Chase and Foster's deed to Collins was not recorded until after the deed to the plaintiff, but that deed was made subject to "all the privileges and rights heretofore deeded away." Thus the plaintiff took subject to the unrecorded deed. The defendant has the better title.

*Judgment for the defendant.*